UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **JAMES RICHARD SHELTON,**<br><br>Plaintiff,<br><br>v.<br><br>**HILB GROUP OF FLORIDA, LLC d/b/a THE MARTIN AGENCY,**<br><br>Defendant. | Civil No. 5:22-96-KKC<br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Defendant Hilb Group of Florida, LLC's Motion to Dismiss (DE 5). For the following reasons, the Court will grant the motion.

As it must on a motion to dismiss, the Court has assumed the truth of all of the factual allegations in the complaint. *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 599 (6th Cir. 2016).

Hilb Group was the insurance agent for plaintiff James Shelton for more than a decade. (DE 1-1, Complaint ¶¶ 1, 2.) During that time, Hilb Group would procure insurance for Shelton and "would take necessary action to keep [Shelton's] motor vehicles insured with the requested liability and property damage insurance." (DE 1-1, Complaint ¶ 1.) Hilb Group procured insurance covering a 1993 Ford dump truck. (DE 1-1, Complaint ¶ 3.)

In March 2021, Shelton was involved in an accident, apparently while he was in the Ford truck. He called Hilb Group, who informed Shelton the truck was not on

Shelton's policy but the company "would take care of it." (DE 1-1, Complaint, ¶ 5.) Hilb Group subsequently issued or caused to be issued an insurance card indicating that Grange Indemnity Insurance Company had issued a policy insuring the truck effective April 17, 2020. (DE 1-1, Insurance Cards.) In March 2022, however, Grange filed an action in this Court seeking a declaration that the Grange policy did not cover the truck on the date of the accident. *See Grange Indemnity Insurance Co. v. James Richard Shelton, et al.*, 5:22-047 (E.D. Ky. filed March 2, 2022).

Shelton then filed this action against Hilb Group. Shelton asserts that Hilb Group "breached its contractual duty to have the 1993 Ford Dump Truck endorsed on the policy of insurance issued by Grange and has breached its duty to exercise that degree of care and skill ordinarily exercised by insurance agents acting under the same or similar circumstances." (DE 1-1, Complaint, ¶ 10.) He also asserts that he relied on Hilb Group's promise to insure the truck and to keep it insured and, thus, Hilb Group is "estopped from asserting that the policy of insurance did not cover the 1993 Ford Dump Truck." (DE 1-1, Complaint, ¶ 11.)

Shelton seeks $35,000 for the loss of the truck; attorney fees he has or will incur in defending the Grange lawsuit and another lawsuit filed against him by Charles Eades, who was injured in the March 2021 accident; and indemnification for any amounts that Eades recovers against Shelton.

In its motion to dismiss, Hilb Group argues that an individual cannot assert a claim against an insurance agent for breach of an oral agreement to purchase insurance. It argues that negligence is the only claim that can be asserted against

the agent. The general rule is that an insurance agent or broker who fails to procure adequate insurance coverage for the client may be held liable for either breach of contract or negligence or both. 10 Am. Jur. Proof of Facts 3d 579 § 2 (originally published in 1990). A "small number" of jurisdictions hold that this kind of action can be maintained only under a tort theory. *Id*.

In support of the argument that Kentucky is among those jurisdictions, Hilb Group cites *Grigsby v. Mountain Valley Ins. Agency, Inc.*, 795 S.W.2d 372 (Ky. 1990). In that case, a company sued its insurance agency claiming that the agency failed to procure insurance coverage as the company had requested on some good that were destroyed in a fire at the company's plant in Pineville, Kentucky. The insurance agency had instead procured insurance covering goods at the company's plant in Middlesboro.

*Grigsby* does not hold that an individual cannot assert a claim against an insurance agency for breach of an oral agreement to procure insurance coverage. It is true that the Kentucky Supreme Court agreed with the dissenting judge on the state appellate court that "[t]his case is not one of reformation but of the negligence of an agent, resulting in injury to the principal." *Id*. But the reason that the Kentucky Supreme Court made this point was because the majority opinion of the state's appellate court "injected the issue of reformation" into the case when "[t]he case ha[d] been pled and practiced as a negligence action." *Id*. at 373. The issue of reformation had never been raised by the parties. *Grigsby* does not state that negligence is the only action an individual can assert against an insurance agent for failing to procure

– 3 –

requested insurance coverage but instead recognizes that negligence was the only claim that had been asserted in that case.

At least for purposes of determining the appropriate statute of limitations for actions against an insurance agent for failing to procure insurance, the Kentucky Court of Appeals determined that such claims should be analyzed as an action upon an express or implied oral agreement instead of as an action for professional negligence. *Plaza Bottle Shop, Inc. v. Al Torstrick Ins. Agency, Inc.*, 712 S.W.2d 349, 351 (Ky. Ct. App. 1986).

Determining which claim is appropriate in this case is, however, not consequential for this motion. Under either the contract or negligence theory, Shelton must prove that there was an agreement between Hilb Group and him pursuant to which Hilb Group had a duty to procure insurance on the truck. 10 Am. Jur. Proof of Facts 3d 579 § 2. As to any claim for promissory estoppel, Shelton must prove that he reasonably relied on a statement by someone at Hilb Group and that he materially changed his position in reliance on the statement. *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 642 (Ky. Ct. App. 2003).

Shelton has failed to adequately plead such an agreement or statement by Hilb Group in his complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007) (with alterations). Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does

not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id.* at 570.

In his complaint, Shelton asserts that Hilb Group promised "to insure and to keep insured the 1993 Ford Dump Truck." (DE 1-1, Complaint, ¶ 11.) The complaint does not state who made the promise on behalf of Hilb Group or when, where, or how the promise was made, whether the promise was oral or written, or how the promise to insure and maintain insurance on the truck was to operate. *See Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1019 (10th Cir. 2002)). Shelton alleges that Hilb Group would debit insurance premiums from his account, but he does not state whether the parties agreed the debits would occur after Shelton requested certain coverage and, if so, how or when Shelton requested coverage on the truck or to whom that request was made. Nor does he state whether Hilb Group deducted any premiums to cover the Ford dump truck. Accordingly, he has failed to allege a plausible breach of contract, negligence, or promissory estoppel claim against Hilb Group for failing to procure insurance on the truck.

Furthermore, the promissory estoppel claim is not a proper claim against the Hilb Group. With this claim, Shelton asserts that the Hilb Group should be "estopped from asserting that the policy of insurance did not cover the 1993 Ford Dump Truck." (DE 1-1, Complaint, ¶ 11.) Such a claim would be proper against only the insurer. Whether Hilb Group asserts the policy covers the truck or not has no legal relevance.

While Rule 15 provides that courts should "freely give leave" to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), Shelton has never asked for leave to amend his complaint or otherwise explained what additional factual allegations he might plead to save his claims or even whether any such additional facts exist. In its motion to dismiss, Hilb Group outlined the deficiencies in the factual allegations of the complaint. After he was served with that motion, Shelton had 21 days to amend the complaint to provide additional factual allegations. *See* Fed. R. Civ. P. 15(a)(1)(B). He did not do so. Nor did he ever move after that for leave to amend his complaint or proffer an amended complaint setting forth additional factual allegations to support his claims. In his response to the motion to dismiss, Shelton does not set forth any additional supporting factual allegations. Thus, the Court has no basis for finding that justice requires that Shelton be granted leave to amend his complaint or that any amendment could save his claims. *Forrester v. Am. Sec. & Prot. Serv. LLC*, No. 21-5870, 2022 WL 1514905, at *4 (6th Cir. May 13, 2022) (citing *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 552 (6th Cir. 2008); *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)).

For all these reasons, the Court hereby ORDERS as follows:

1) the Hilb Group's motion to dismiss (DE 5) is GRANTED and

2) this action is DISMISSED without prejudice.

This 17th day of November, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY